**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KENNETH LEE KELLEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-05-139-JHP |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

This matter comes on for decision following a second remand by the Tenth Circuit in which the Court held this court "failed to undertake the appropriate inquiry and make the necessary findings to determine whether Mr. Baker had a duty to consult with Mr. Kelley and, if he did, whether his failure to do so prejudiced Mr. Kelley." While this Court respectively disagrees with the Tenth Circuit's conclusion that it failed to undertake the appropriate inquiry, pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), this Court will endeavor to more thoroughly discuss the requirements of *Flores-Ortega* as it relates to the present case.

In *Flores-Ortega*, the United States Supreme Court made it clear that they could not "say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient. Such a holding would be inconsistent with both our decision in *Strickland* and common sense." *Id*., at 479. Instead the Court held

> that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. (citation omitted) (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.*

Although the United States Supreme Court indicated counsel must consult with a defendant regarding an appeal in certain situations, *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000), nothing within this case suggests that the consultation can only occur after the defendant is sentenced. Therefore, this Court answers the Tenth Circuit's first question affirmatively, finding Mr. Baker clearly had a duty to consult with Mr. Kelley regarding an appeal. *Id.* Mr. Baker very appropriately completed this duty, however, prior to Petitioner's plea by advising Petitioner if he entered a plea of guilty, there would be nothing to appeal. *See*, Tr. of Evidentiary Hearing, at p. 8. Although Petitioner did not execute any type of written waiver of appeal, counsel's consultation with Petitioner prior to the plea was unequivocal that there would be no basis for an appeal if Petitioner was sentenced within the

sentencing guideline range. Mr. Baker further indicated, following Petitioner's plea of guilty, no appeal was planned. While the record is clear that no additional consultation with Petitioner occurred regarding Petitioner's appeal rights following sentencing, the record is also clear that Petitioner had no objections to the Presentence Report and he was sentenced within the applicable guideline range. Tr. of Sentencing Hearing held on April 27, 2004. *See also*, court minutes from April 27, 2004 and Presentence Report. Thus, nothing occurred at sentencing which gave counsel a reason 1) to believe the Petitioner would want to appeal or 2) that Petitioner was actually interested in appealing.[1] Since counsel consulted with Petitioner regarding an appeal and appropriately made a reasonable effort to discover the defendant's wishes in this regard prior to the defendant ever entering a plea herein, this Court finds Petitioner has failed to establish that Mr. Baker rendered ineffective assistance of counsel. Finally, since this Court finds Mr. Baker fulfilled his duty to consult with Mr. Kelley regarding an appeal, it is not necessary to answer the second question posed by the Tenth Circuit regarding whether Mr. Baker's "failure to do so prejudiced Mr. Kelley."

Again, based upon the evidence before this Court, this Court finds Petitioner has failed to establish ineffective assistance of counsel. Accordingly, Petitioner's motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

It is so ordered on this  4th  day of December, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[1] Therefore, counsel did not have any constitutional duty to further consult with Petitioner regarding an appeal following sentencing absent a specific unequivocal request by Petitioner to initiate an appeal.